UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No: _____

LINDSEY ADELMAN STUDIO, LLC, a
New York limited liability company, LINDSEY
ADELMAN, individually,

      Plaintiff,

vs.

ZORA Lighting Co., Ltd., a Chinese
business entity; Liang Tang, individually,
and John Does Nos. 1 - 5,

      Defendants.

_____/

## <u>COMPLAINT</u>

      Plaintiffs, Lindsey Adelman Studio, LLC, and Lindsey Adelman, individually, hereby sue

Defendants, ZORA Lighting Co., Ltd., a Chinese business entity, Liang Tang, a Chinese citizen, and

John Does Nos. 1 - 5, and in support thereof, state as follows:

### INTRODUCTION

      1.      This action seeks a temporary restraining order, preliminary and permanent injunctive

relief, and damages arising from Defendants' intentional infringement, copying, and passing off of

Plaintiffs' renowned and highly acclaimed lighting design products and associated trademarks.

      2.      Plaintiffs own famous registered and unregistered trademarks for "Lindsey Adelman",

"Lindsey Adelman Studio", "Branching Bubble", among others, and are the exclusive sellers and

distributors of Lindsey Adelman lighting designs, associated marks and indicators of origin.

      3.      Lindsey Adelman is a famous designer, specializing in modern lighting design

products.  She has been widely recognized as a "tastemaker" in the field of interior and lighting design.

1

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

Lindsey Adelman Studio sells Lindsey Adelman designed light fixtures, such as chandeliers, standing lamps, desk lamps, hanging lamps, wall lamps and sconces.

4.      Since 1996, Lindsey Adelman has specialized in elevated light design and haute culture lighting products.  Founded in 2006, Lindsey Adelman Studio has showroom locations in North America, Europe and Asia, all devoted to the creation, sale and distribution of Lindsey Adelman designed lighting.

5.      Lindsey Adelman lighting creations have developed iconic status among the interior design community and consuming public.  Lindsey Adelman Studio collections are characterized by industrial modular design elements influenced and inspired by nature.  Adelman's light fixtures have been exhibited at famous art houses and design museums, including the Cooper-Hewitt National Design Museum, Design Miami, Nilufar Gallery, Smithsonian Design Museum and BBDW Gallery, among others.

6.      The Lindsey Adelman Studio reached iconic status in 2006 soon after release of its inaugural product, the *Branching Bubble* chandelier, which has become famous.  The *Branching Bubble* chandelier and other LINDSEY ADELMAN-branded products are instantly recognizable among the relevant consuming public.  The *Branching Bubble* chandelier combines the organic nature of blown glass with other linear components to create a unique sculpted visual of branching cylinders bubbling at end-points with blown glass lighting elements.  This distinct design-product and integrated marks has become a must-have item among a high-end segment of the consuming public.

7.      Customers of the *Branching Bubble* chandelier include style and arts trend-setters and A-list celebrities.  *Branching Bubble* products have been featured in many glossies and trade publications, and have been recognized and displayed in leading art houses and design museums for its lighting design aesthetic.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

8.      Due to the acclaim and status that Lindsey Adelman designs have achieved, including but not limited to the *Branching Bubble* chandelier, Defendants have embarked on a fraudulent and dedicated campaign to counterfeit, trade upon, and misappropriate the goodwill and fame residing in Plaintiffs' trademarks and sought-after lighting designs.

9.      Defendants falsely claim association with Plaintiffs' products and designs, representing that they offer authentic Lindsey Adelman Studio products, when in fact they sell only cheap imitations and copies.

10.     Defendants utilize LINDSEY ADELMAN trademarks, iconic designs, and authentic images of Plaintiffs' designs on their website, including the names of specific Lindsey Adelman collections (e.g., *Branching Bubbles, Agnes* and C*herry Bomb*), in their effort to deceive the public as to the source of their products, suggest affiliation, sponsorship and common origin between their copies and authentic LINDSEY ADELMAN STUDIO products.

11.     Defendants source and sell cheaper copies of authentic Lindsey Adelman designs in an effort to pass off their knock-offs as authentic products, intending for the public to believe that the goods sold by Defendants are in fact authentic LINDSEY ADELMAN STUDIO-branded products.

12.     Defendants aggressively seek to trade off of the invaluable goodwill cultivated by the Lindsey Adelman Studio through its team's countless hours of arduous design, labor, and investment of resources.  Evidence of Defendants' intent to trade off of the goodwill exclusively residing in Plaintiffs is seen in their use of Lindsey Adelman's individual image on Defendants' website, use of photographs of genuine products published by Plaintiffs, and copying of Plaintiffs' exact product names and collections to drive Defendants' sales of counterfeits.  Defendants make no effort to disguise their intent to pirate and usurp the intellectual property and goodwill residing in Lindsey Adelman Studio and Lindsey Adelman, individually.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

13.     Defendants' conduct is causing confusion among the consuming public and third parties who observe Defendants' imitations unaware that the lower quality copies sold by Defendants are not authentic Lindsey Adelman designed and sourced products.  As a result of their willful misconduct, Defendants are causing irreparable harm, damage and dilution to the intellectual property rights owned by Plaintiffs, and the invaluable goodwill residing in Plaintiffs' marks.  Unless enjoined, Defendants will continue their illegal predatory business practices of trading on Plaintiff's protected marks, while underselling Plaintiffs through inferior imitation products.

## JURISDICTION AND VENUE

14.     This is an action for infringement under the trademark and unfair competition laws of the United States (15 U.S.C. §§1114 and 1125), alleging infringement of Plaintiff's trademarks, protected trade dress, trademark dilution, common law unfair competition, and violations of New York State law, as detailed below.

15.     Jurisdiction is conferred on this Court by 15 U.S.C. 1121 and 28 U.S.C. 1338.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367 over all state law claims derived from a common nucleus of operative fact.  Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b).

16.     Defendant Zora Lighting Co., Ltd. ("Zora Lighting"), a non-domestic foreign business entity that upon information and belief is located in China, with a principal place of business in Zhongshan City, Guangdong Province, China.

17.     Zora Lighting owns and operates the website www.zoralighting.com, from which Defendants, among other things, sell counterfeit copies of Plaintiffs' lighting designs which incorporate Plaintiffs' trademarks and protected trade dress.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

18.     Zora Lighting is conducting business in this judicial district, and has committed the acts which are the subject of this action within this district.  Zora Lighting engages in the solicitation of business in the State of New York, upon information and belief derives revenue from products sold in the State, and has committed the acts alleged herein which have caused (and continue to cause) injury to Plaintiff within this district.  In short, Zora Lighting's acts confer *in personam* jurisdiction over it within the State of New York.

19.     Defendants, ZORA Lighting Co., Ltd., Liang Tang, and John Does Nos. 1 - 5 act in some form of   partnership or unincorporated business association which operates through the zoralighting.com domain name.  The zoralighting.com domain name, and perhaps others operated by defendants, are registered under proxy to shield their true identities.  Defendants are comprised of individuals and/or business entities of unknown composition, all of whom, upon information and belief, reside in the People's Republic of China.  Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

20.     Defendants conduct pervasive business throughout the United States, including within this judicial district through the operation of fully interactive commercial websites existing under their domain name(s), and social media promotions that link to Defendants' website.  Defendants are directly and personally contributing to, inducing and engaging in the sale of counterfeit products as alleged herein, often times as partners, co-conspirators and/or suppliers.

21.     Plaintiffs are presently unaware of the true names of John Does 1 - 5, although they are generally identified as the owners, operators, partners, managing agents and/or co-conspirators of Defendant, Zora Lighting.  Plaintiffs will amend this Complaint upon discovery of the identities of such Defendants.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

22.     Defendants are part of an ongoing conspiracy to create and maintain an illegal marketplace enterprise on the world wide web, the purposes of which are to (i) confuse consumers regarding the source of the Defendants' goods for profit, and (ii) expand the marketplace for counterfeit goods, diminishing the legitimate marketplace for genuine Lindsey Adelman goods. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the overall marketplace in which Plaintiffs operate and the goodwill associated with the Lindsey Adelman name and associated trademarks.

23.     The John Doe Defendants are the past and present controlling forces behind the operation of the commercial Internet website operating under the zoralighting.com domain name and perhaps others.

24.     Upon information and belief, Defendants directly engage in unfair competition with Plaintiffs by (i) offering for sale and selling counterfeit goods and infringements of Plaintiffs' trademarks and indicators of source and origin to consumers within the United States and this judicial district through fully interactive commercial websites operating under the zoralighting.com domain name and others not yet known to Plaintiffs, and (ii) creating and maintaining an illegal marketplace enterprise for the purpose of diverting business from Plaintiffs' legitimate marketplace for its genuine goods. Defendants have purposefully directed some portion of their illegal activities towards consumers in this jurisdiction through advertisements, offers to sell (including on social media pages such as Facebook, Instagram and Pinterest), and by operation of an illegal marketplace enterprise which impacts and interferes with commerce throughout the United States, including within this judicial district.

25.     Defendants have engaged in deceptive conduct with respect to the registration of the zoralighting.com domain by providing false and/or misleading information to their internet domain

name registrar during the registration or maintenance process.  Upon information and belief, Defendants have sought to anonymously register and have maintained the subject domain names for the purpose of concealing their location and identity and concealing the true perpetrators of the illegal counterfeiting another activities alleged herein.  Defendants have also provided false information on their website suggesting they operate out of Pennsylvania, when they do not.

26.     Upon information and belief, Defendants will continue to register or acquire domain names for the purpose of selling and/or offering for sale goods bearing counterfeit and confusingly similar imitations of Plaintiffs' trademarks, images, designs, and protected indicators of source unless preliminarily and permanently enjoined.  Moreover, upon information and belief, Defendants and their co-conspirators will continue to maintain and grow their illegal marketplace unless preliminarily and permanently enjoined.

27.     Defendants' internet-based website business and associated marketplace amount to an illegal operation established and operated to infringe upon the intellectual property rights of Plaintiffs and others.

28.     Defendants' domain names and any other domain names used in connection with the sale of counterfeit goods bearing Plaintiffs' trademarks, including social media accounts, are essential components of Defendants' counterfeiting and infringing activities and are the means by which Defendants further their counterfeiting and infringing scheme and cause harm to Plaintiffs.  Moreover, Defendants are using Lindsey Adelman's famous name, trademarks and acclaimed lighting designs to drive internet consumer traffic to their websites operating under the subject domain names.

29.     Defendant, Liang Tang, and upon information and belief, John Does Nos. 1 - 5, are citizens of the Peoples Republic of China, and are the conscious, dominant and active force behind the wrongful acts of Defendants, which wrongful acts have been undertaken for the gain and benefit of

Defendants including their own individual gain and benefit.  These individual Defendants are subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

30.     Plaintiff, Lindsey Adelman Studio, LLC, is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business in New York County, New York.  Plaintiff, Lindsey Adelman Studio, is the exclusive entity through which artist and designer Lindsey Adelman creates and sells her renowned lighting design and lighting installations.

31.     Plaintiff, Lindsey Adelman, is an individual residing in Kings County, New York, and is otherwise *sui juris*.  Plaintiff, Lindsey Adelman, is a renowned and a highly acclaimed lighting designer.

## LINDSEY ADELMAN'S RISE TO DESIGN PROMINENCE

32.     Plaintiff, Lindsey Adelman, completed her studies in Industrial Design at the Rhode Island School of Design, and soon after, in 1996, began her focus on interior lighting designs.

33.     Since 1996, Plaintiff Lindsey Adelman has specialized in lighting design and creating unique, fixed lighting concepts and installations for indoor use.  Plaintiff Lindsey Adelman sold her first lighting products under the trademark LINDSEY ADELMAN in 1996, and has continuously designed, sold, marketed and refined LINDSEY ADELMAN-branded lighting products under the LINDSEY ADELMAN trademark and later under the LINDSEY ADELMAN STUDIO trademark.

34.     Although unregistered, the LINDSEY ADELMAN mark, through over 20 years of continuous use, has become famous and synonymous with high quality and uniquely designed lighting fixtures.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

35.     The LINDSEY ADELMAN STUDIO trademark was registered in the United States Patent and Trademark Office on February 20, 2018, Registration No. 5,407,182, and through over 13 years of continuous use, has become famous and synonymous with high quality and uniquely designed lighting fixtures.  Among designers and consumers of high-end interior design, Plaintiffs are known for the highest quality and artistry in their original modern interior lighting products sold under the LINDSEY ADELMAN STUDIO and LINDSEY ADELMAN trademarks.

36.     Lindsey Adelman Studio specializes in utilizing raw materials to produce hand-crafted sculptural lighting systems.  Each piece is hand-crafted and individually-made, and can take several months to complete.  As a result of the work and craftsmanship inherent to Lindsey Adelman products, most sales are conducted via special appointments.

37.     The inaugural product launched by Lindsey Adelman Studio in 2006 remains its most iconic: the *Branching Bubble* chandelier.

38.     The BRANCHING BUBBLE trademark was registered in the United States Patent and Trademark Office on February 5 2019, Registration No.87,716,123.

39.     The *Branching Bubble* chandelier and collection have become famous and are instantly recognizable among the relevant consuming public as being an iconic product of the Lindsey Adelman Studio.  Branching Bubble designs combine the organic nature of blown glass with other linear components to create a unique sculpted visual of branching narrow cylinders bubbling at end-points with blown glass lighting elements.  Below is an example of the design:

 

40.     This distinct product, sold under the distinctive LINDSEY ADELMAN, LINDSEY ADELMAN STUDIO and BRANCHING BUBBLES trademarks has become a must-have item among a distinct high-end segment of the consuming public, which includes style and arts design trend setters and A-list celebrities.  The *Branching Bubble* chandelier, and other LINDSEY ADELMAN STUDIO-branded products have been featured in many artistic, design and trade publications. *Branching Bubbles* chandeliers have been recognized and displayed in leading art houses and design museums for their lighting design aesthetic.

41.     Indeed, a January 2016 issue of *WSJ Magazine* described Ms. Adelman as having "set a standard for success that many American designers dream of reaching."  Attached as Composite *Exhibit "A"* are copies of the press articles and clippings cited herein regarding Plaintiffs' lighting designs and acclaim in the field of lighting and interior design.

42.     The *Branching Bubble* design system is not a common lighting design, nor a mere refinement of a commonly adapted or well-known form of ornamentation for lighting fixtures but an original creation of Lindsey Adelman.  It is unique and unusual in the field of lighting design and is distinctly associated with Plaintiffs as the originators and sellers of these finely crafted pieces.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

43.     In the years since Lindsey Adelman Studio first began producing the *Branching Bubble*

system, the pieces have become, as both *W Magazine* and *Vogue Living* described them, a "design

status symbol." *See Composite Exhibit "A"* attached hereto.

44.     Lindsey Adelman Studio has spent countless hours, and resources valued in the

millions of dollars on promotion and advertising prominently featuring the *Branching Bubble* design,

and other Adelman designs, emphasizing their unique and distinctive appearance.

45.     The *Branching Bubble*  system has become popular among celebrities and other high-

end consumers, and numerous articles have profiled the development and success of the *Branching*

*Bubble* design collection.

46.     The result of the studio's efforts is that the public connects the *Branching Bubble*

chandeliers to the Lindsey Adelman Studio, and to Ms. Adelman personally.  This point is underscored

by numerous unsolicited articles lauding Ms. Adelman's *Branching Bubbles* system and other design

achievements, a small sample of which is attached at *Composite Exhibit* "A" hereto.

47.     As  a  few  examples,  an  entry  on  the  website  "The  Future  Perfect"

(www.thefutureperfect.com) describes Ms. Adelman and her work as follows:

> Just over a decade since founding her namesake studio, Lindsey
> Adelman has become one of America's most influential tastemakers.  A
> piece of Lindsey Adelman lighting is instantly recognizable for its pop
> sensibility, shape-shifting forms and ingenious use of raw materials.
> Playful, collaborative, and romantic, key collection pieces range from
> vine-like fringed wall lights to Adelman's seminal branching blown
> glass "Bubble" chandeliers.  A Lindsey Adelman chandelier is one of a
> kind.

48.     In the May/June 2017 issue of *Luxe* magazine, it stated the "Bubble" chandeliers "have

become something of an icon…."

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

49.     The August 1, 2017 issue of *The Cut* magazine stated that "…in demand Adelman is best known for her sculptural, blown-glass-and-brass Branching Bubble chandeliers, which take up to 24 weeks to complete.  As clients will tell you, they're well worth the wait…."

50.     The June 15, 2016 issue of *W* magazine described Lindsey Adelman Studio as follows:

> Since making the first one, about 10 years ago, Lindsey Adelman has watched her Branching chandelier, with its handblown glass globes budding from a sinewy, multipronged glass stem, become a design status symbol - and a fixture in splashy shelter-magazine spreads.

51.     In the April 13, 2017 issue of *The Hollywood Reporter* magazine, under the heading "Ultimate Décor Object of Desire," one of the entries refers to "Bubble chandelier by Lindsey Adelman", stating as follows:

> 'There's a real wow factor wherever it's hung,' says Trip Haenisch, designer for Hank Azaria and WME's Patrick Whitesell, of Adelman's Branching Bubble lighting series, which possibly is the most celebrity-owned fixture in Hollywood.  'It's a work of art, romantic and transitional, that works equally well in modern and traditional homes.' At Adelman's newly opened Arts District outpost, there's a 24-week production lead time for the pieces, which have been hung by Gwyneth Paltrow, Reese Witherspoon, and Jon Hamm ($9,000.00 to $30,000.00).

52.     The May 6, 2017 issue of *Vogue* described Ms. Adelman's designs as "The lighting collection that belongs on your wish list," and further stated: "Instantly recognizable, each piece from the famed Lindsey Adelman Studio is an iconic statement of lighting design."  It then highlights, through photographs, three of "the most desired chandeliers from her latest collection," one of which was from the *Branching Bubble* collection.

53.     Among other places, Ms. Adelman's work has been exhibited at the Smithsonian Design Museum, the Cooper Hewitt National Design Museum, and Design Miami.  Further, the *Branching Bubble* systems have been sold at BBDW in New York, the Nilufur Gallery in Milan, and through high-end sellers and showcases in London, Paris, Hong Kong, Toronto, and Vancouver.

## THE LINDSEY ADELMAN MARKS AND PROTECTED TRADE DRESS

54.     On February 20, 2018, Lindsey Adelman Studio obtained a trademark registration from the United States Patent & Trademark Office for the LINDSEY ADELMAN STUDIO trademark, Reg. No. 5,407,182, a copy of which is attached hereto as *Exhibit "B."*

55.     On February 5, 2019, Lindsey Adelman Studio obtained a trademark registration from the United States Patent & Trademark Office for the BRANCHING BUBBLE trademark, Reg. No.87,716,123 a copy of which is attached hereto as *Exhibit "C."*

56.     In addition to those registered marks, Plaintiffs utilize other inherently distinctive marks and indicators of origin in the sale of Lindsey Adelman designed light fixtures which are inherently distinctive, and have otherwise acquired secondary meaning among interior designers and consumers of high end interior design products.

57.     Plaintiffs' marks, which are inherently distinctive and have obtained secondary meaning, include the registered LINDSEY ADELMAN STUDIO and BRANCHING BUBBLE marks and unregistered marks, such as LINDSEY ADELMAN, and Plaintiffs' collections AGNES, CHERRY BOMB, BURST, EDIE, and BRANCHING DISC, among others, and are collectively referred to as the "Lindsey Adelman marks".

58.     Among the Lindsey Adelman marks, the *Branching Bubble* design and product line, bearing distinctive features are protected trade dress that indicate source of origin from Plaintiff, and have acquired secondary meaning, as underscored by the consuming public's connection of the *Branching Bubble* design lighting system to Plaintiffs.

59.     The Lindsey Adelman marks, including the *Branching Bubbles* trade dress have come to be associated with lighting designs containing critically acclaimed artistry and the best-quality craftsmanship originating from Plaintiffs.  Because of Lindsey Adelman's accomplishments in

13

pushing the boundaries of artistry, the use of space in lighting design, and the recognition achieved by Lindsey Adelman in her field, LINDSEY ADELMAN-branded products have become status symbols and "must-have" pieces among the exclusive clientele of high-end interior designers servicing a unique segment of the consuming public.

60.     Due to the countless hours and invaluable resources Plaintiffs have devoted to the creation, promotion, sale, and development of LINDSEY ADELMAN-branded products, substantial good will has been created and resides within the Lindsey Adelman marks.  The goodwill residing in the Lindsey Adelman marks does not lend itself to easy quantification, but has acquired substantial value.

61.     The goodwill residing in the Lindsey Adelman marks has been recognized internationally as well.  On November 21, 2017, Lindsey Adelman Studio was granted a trademark registration for the LINDSEY ADELMAN STUDIO trademark for lighting fixtures in the 28 cooperating countries of Europe from the European Union Intellectual Property Office. Lindsey Adelman Studio has also been granted trademark registrations for the LINDSEY ADELMAN STUDIO trademark in Hong Kong and Japan.

**DEFENDANTS' COUNTERFEITING, INFRINGEMENT AND PIRACY**

62.     Defendants, under the direction and control of Liang Tang and John Does Nos. 1 - 5, are engaged in a pattern of counterfeiting, intentional infringement, and trading off of the goodwill residing in the Lindsey Adelman marks.

63.     Defendants have built a substantial internet presence with the www.zoralighting.com website and through social media activities that market and sell counterfeit Lindsey Adelman products.  Through a concerted strategy, Defendants draw customers to their website by utilizing a

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

collection of Lindsey Adelman marks, authentic Adelman-product images, pirated famous designs, and other indicators of origin, including a photograph and biography of Lindsey Adelman herself.

64.     Upon landing on the home page of Defendants' www.zoralighting.com website, authentic images of Plaintiffs' famous lighting designs are prominently featured for sale under product tags that mimic authentic Lindsey Adelman marks.   Attached hereto as *Exhibit "D"* is a copy of Defendants' homepage (https://www.zoralighting.com/index.php?route=common/home) containing authentic images of Plaintiffs' products to drive Defendants' sale of counterfeits.

65.     Defendants' website home page links to dedicated a "Lindsey Adelman" store within the www.zoralighting.com site, found at https://www.zoralighting.com/Replica-Lindsey-Adelman ("Defendants' Lindsey Adelman page").   Prominently featured on Defendants' Lindsey Adelman page is an authentic photograph of Lindsey Adelman with brief description of Plaintiffs' rise and prominence in the lighting design world.   Attached hereto as *Exhibit "E"* is a copy of Defendants' Lindsey Adelman page containing an authentic photo of Ms. Adelman.

66.     The designer-description adjacent to Ms. Adelman's picture recognizes the iconic status that Plaintiffs' lighting designs have achieved, starting with the *Branching Bubble* chandelier, and the goodwill residing in the Lindsey Adelman marks, stating that:

> In 2006 when the Lindsey Adelman Studio released their inaugural fixture - the Branching Bubble Chandelier - I went gaga. And each new piece is breathtaking. Lindsey's bio cites her inspiration as structural forms and nature, and that inspiration is clear in the beautifully delicate balance of hand blown glass and machine parts that compose many of her pieces. The studio's work is truly a functional art, and it is drool worthy.

67.     Defendants intend for consumers purchasing their counterfeit products, and/or members of the public who view products sold by Zora Lighting to believe those goods are authentic lighting designs originating from Plaintiffs.   Defendants purposefully pass-off its goods as Plaintiffs'

and suggests a close relationship with Plaintiff throughout its website, social media accounts, and in bold marketing activities.

68.     Defendants have gone so far as to make public statements, including through a press release, outrageously claiming that Zora Lighting sells authentic products from Plaintiffs.  Attached hereto as *Exhibit "F"* is a press release that was published on and obtained from www.digitaljournal.com in which Zora Lighting states that:

> **The firm supplies lighting products from the Lindsay Adelman studio** which is a well-known name since the release of its inaugural fixture the Branching Bubble Chandelier, in 2006. The products are made of delicate hand-blown glass and machine parts and take inspiration from structural forms and nature.

69.     Defendants' claim to offer "products from Lindsey Adelman studio is part of their ongoing effort to counterfeit Plaintiffs' lighting designs and the goodwill residing in the Lindsey Adelman marks.  The press release contains other falsehoods, among them that Zora Lighting is a U.S. based company and goes so far as to list a U.S. contact, who upon information and belief, is not affiliated with Zora Lighting.

70.     Defendants' display of authentic Adelman designs and photographs together with the Lindsey Adelman marks is unauthorized and part of their widespread counterfeiting and infringement of the Lindsey Adelman marks.  Defendants are not authorized re-sellers of Plaintiffs' products, have no relationship with Plaintiffs, and do not otherwise deal in authentic Lindsey Adelman Studio goods.

71.     Defendants offer for sale dozens of counterfeit products originating from Plaintiffs while utilizing authentic images commissioned and published by Lindsey Adelman Studio.  Attached hereto as composite *Exhibit "G"* are screen shots of many Lindsey Adelman Studio lighting design counterfeits offered for sale by Defendants on their website.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

72.     Each of the lighting products contained in Exhibit "G", in addition to being a blatant copy of the Lindsey Adelman Studio original, also utilizes the identical names of Lindsey Adelman collections and product designs in their brazen attempt to steer customers to their cheaper facsimiles.

73.     Employing the exact names of Lindsey Adelman Studios' collections and product names is part of Defendants' effort to pass off their goods as originating from Plaintiffs, and lead members of the public to believe their products authentically derive from Plaintiffs.

74.     Plaintiffs' protected marks and branded collection names, such as *Cherry Bomb, Branching Bubble*, *Agnes*, *Burst*, *Edie*, and *Branching Disc* are prominently used by Defendants to suggest that their counterfeit and infringing goods originated from Plaintiffs, or have Plaintiffs' sponsorship or approval when they do not.

75.     In selling their infringing goods, Defendants' www.zoralighting.com website utilizes authentic photographs and images of products published by Plaintiffs' while incorporating Plaintiffs' product and collection names.  Attached hereto is composite *Exhibit "H"* is a top-over-bottom comparsion of screenshots taken from Defendants' website and social media posts that use authentic product photographs commissioned by Lindsey Adelman Studio of Plaintiff's authentic designs, juxtaposed against Plaintiffs' authentic marketing materials showing those *identical images*.  Sample images from *Exhibit "H,"* with Defendants' stolen content above Plaintiffs' original reflects that no effort is made to mask Defendants' theft:

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550





LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550





76.     Defendants use authentic pictures of Plaintiffs' lighting designs, together with the Lindsey Adelman marks in the precise way that Plaintiffs utilize them, as part of their campaign to pass off Defendants' products as those of Plaintiffs, and pirate the goodwill residing in the Lindsey Adelman marks.

77.     To draw additional customers and traffic to their site and drive sales of goods bearing counterfeit Lindsey Adelman marks, Defendants engage in widespread marketing activities, including on the internet.

78.     To further their infringement and counterfeiting , Defendants utilize protected Lindsey Adelman marks in the metatags and sponsored internet key-word advertising to optimize their placement on internet search engines (such as google.com), and to receive prominent top-of-the-page placement as a "sponsored" seller of goods featuring the Lindsey Adelman marks.

79.     When Defendants' pages appear, displayed prominently with and on those links are images of authentic Lindsey Adelman designs and photographs of same for sale by Defendants at a fraction of the price consumers pay for authentic Lindsey Adelman lighting designs.

80.     Defendants are selling the knockoffs at price points significantly lower than the price Lindsey Adelman Studio charges for the same pieces.

81.     Defendants' business model is nothing more than a scheme to usurp and misappropriate for themselves the goodwill residing in Plaintiffs' famous and acclaimed lighting designs.  Defendants utilize and incorporate Plaintiff's protected marks and authentic product images to promote and sell counterfeit copies of Plaintiffs' goods at reduced prices.  Intentional infringement of the Lindsey Adelman marks, and resulting consumer confusion caused thereby, is integral to their illegal business activities.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

82.     Defendants are, upon information and belief located in China; their products are mass-manufactured in China, and are of inferior quality to the Lindsey Adelman Studio pieces.

83.     The sale and marketing of counterfeits and knockoffs by Defendants, which trade upon and incorporate the Lindsey Adelman marks, are causing substantial damage to the Lindsey Adelman Studio brand and business.  Consumers and members of the public are likely to be confused between authentic Lindsey Adelman Studio products from Plaintiffs and those offered by Defendants as to source, origin, sponsorship and affiliation.  Defendants intend to create such confusion, and have profited as a result of their calculated effort to draw a close affiliation between their goods and the Lindsey Adelman marks.

84.     Plaintiffs have performed all conditions precedent to bringing this action, or said conditions have been excused or waived.

85.     Plaintiffs have engaged undersigned counsel to represent them in this action, and have agreed to pay counsel a reasonable fee for their services for which Defendants are liable.

### COUNT I - TRADEMARK INFRINGEMENT - LINDSEY ADELMAN STUDIO

(Trademark Infringement pursuant to 15 U.S.C. §1114 against all Defendants)

86.     Plaintiffs repeat and re-allege every allegation contained in paragraphs 1 through 85.

87.     This claim arises under 15 U.S.C. §1114 for infringement of a trademark registered in the United States Patent and Trademark Office.

88.     On February 20, 2018, Lindsey Adelman Studio obtained a trademark registration from the United States Patent & Trademark Office for the LINDSEY ADELMAN STUDIO trademark, Reg. No. 5,407,182. *See Exhibit "B."*

89.     The LINDSEY ADELMAN STUDIO trademark is inherently distinct and has come to

identify, in the United States and throughout the world, high quality lighting designs and products originating from Plaintiffs.

90.     The LINDSEY ADELMAN STUDIO trademark has also acquired secondary meaning among interior designers and consumers of high end interior design products who associate the registered mark with the high quality products produced, designed, marketed and sold by Plaintiffs.

91.     Plaintiffs have used the LINDSEY ADELMAN STUDIO trademark in connection with their high quality lighting and design products since at least 2006.

92.     Defendants, with full knowledge of the fame and reputation of the LINDSEY ADELMAN STUDIO trademark, have intentionally, knowingly and willfully infringed upon the trademark by manufacturing and/or selling products bearing marks confusingly similar to the LINDSEY ADELMAN STUDIO trademark without consent or permission of Plaintiffs, in order to deceive purchasers as to the origin and source of its products.

93.     Defendants have displayed, sold, and advertised (for sale) inferior lighting products and copies of Lindsey Adelman Studio-designs bearing, or by utilizing, marks confusingly similar to the LINDSEY ADELMAN STUDIO trademark.  These items in fact were not designed, sold, or distributed by, or pursuant to the authorization of Plaintiffs.

94.     Defendants' use of marks which are confusingly similar to the LINDSEY ADELMAN STUDIO trademark is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that the goods sold by Defendants are authorized, sponsored or approved by Plaintiffs when, in fact, they are not and never have been.

95.     By reason of Defendants' unauthorized use of marks confusingly similar to the LINDSEY ADELMAN STUDIO trademark in the course of selling their productsDefendants have infringed upon Plaintiff's rights in the LINDSEY ADELMAN STUDIO trademark.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

96.     The goodwill and favorable reputation existing in the LINDSEY ADELMAN STUDIO trademark is a valuable asset belonging to Plaintiffs.  The acts complained of herein have caused Plaintiffs irreparable harm, and has the potential for inflicting a substantially greater injury to Plaintiffs' trademark and goodwill.

97.     Defendants' copies of authentic Lindsey Adelman designs, which have been advertised, promoted and sold under marks confusingly similar to the LINDSEY ADELMAN STUDIO trademark were and are manufactured by inferior processes which result in inferior quality products. By marketing, advertising, and selling Defendants' inferior items under a mark confusingly similar to the LINDSEY ADELMAN STUDIO trademark, Defendants have damaged Plaintiff's goodwill and reputation for the sale of high quality products and will continue to damage Plaintiff's reputation unless enjoined.

98.     The activities of Defendants complained of herein constitute willful and intentional infringement of the LINDSEY ADELMAN STUDIO trademark; are in total disregard of Plaintiffs' rights and were commenced and have continued in spite of Defendants' knowledge that the use of the LINDSEY ADELMAN STUDIO trademark, or a copy or a colorable imitation thereof, was and is in direct contravention of Plaintiff's rights.

99.     Plaintiffs have suffered (and continue to suffer) irreparable harm and damages as a result of Defendants' above-described activities, including diversion of sales from Plaintiffs to Defendants and a lessening of the goodwill residing in Plaintiffs' LINDSEY ADELMAN STUDIO trademark.  Defendants will, unless preliminarily and permanently restrained and enjoined, continue to act in the unlawful manner complained of herein, to Plaintiff's irreparable harm.  Plaintiff's remedy at law is not adequate to compensate them for the injuries suffered and threatened.

## COUNT II - TRADEMARK INFRINGEMENT - BRANCHING BUBBLE

(Trademark Infringement pursuant to 15 U.S.C. §1114 against all Defendants)

100.    Plaintiffs repeat and re-allege every allegation contained in paragraphs 1 through 85.

101.    This claim arises under 15 U.S.C. §1114 for infringement of a trademark registered in the United States Patent and Trademark Office.

102.    On February 5, 2019,  Lindsey Adelman Studio obtained a trademark registration from the United States Patent & Trademark Office for the BRANCHING BUBBLE trademark, Reg. No. 87,716,123. *See Exhibit B.*

103.    The BRANCHING BUBBLE trademark is inherently distinct and has come to identify, in the United States and throughout the world, high quality lighting designs and products originating from Plaintiffs.

104.    The BRANCHING BUBBLE trademark has also acquired secondary meaning among interior designers and consumers of high end interior design products who associate the registered mark with the high quality products produced, designed, marketed and sold by Plaintiffs.

105.    Plaintiffs have used the BRANCHING BUBBLE trademark in connection with their high quality lighting and design products since at least 2006.

106.    Defendants, with full knowledge of the fame and reputation of the BRANCHING BUBBLE trademark, have intentionally, knowingly and willfully copied, counterfeited, and infringed upon the trademark by manufacturing and/or selling products bearing the mark and marks confusingly similar to the BRANCHING BUBBLE trademark without consent or permission of Plaintiffs, in order to deceive purchasers as to the origin and source of its products.

107.    Defendants have displayed, sold, and advertised (for sale) inferior lighting products and copies of Lindsey Adelman Studio-designs bearing, or by utilizing, marks confusingly similar to

the BRANCHING BUBBLE trademark.  These items in fact were not designed, sold, or distributed by, or pursuant to the authorization of Plaintiffs.

108.    Defendants' use of marks which are inauthentic and confusingly similar to the BRANCHING BUBBLE trademark is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that the goods sold by Defendants are authorized, sponsored or approved by Plaintiffs when, in fact, they are not and never have been.

109.    By reason of Defendants' unauthorized use of marks confusingly similar to the BRANCHING BUBBLE trademark in the course of selling their productsDefendants have infringed upon Plaintiff's rights in the BRANCHING BUBBLE trademark.

110.    The goodwill and favorable reputation existing in the BRANCHING BUBBLE trademark is a valuable asset belonging to Plaintiffs.  The acts complained of herein have caused Plaintiffs irreparable harm, and has the potential for inflicting a substantially greater injury to Plaintiffs' trademark and goodwill.

111.    Defendants' copies of authentic Lindsey Adelman designs, which have been advertised, promoted and sold under marks that are counterfeit and confusingly similar to the BRANCHING BUBBLE trademark were and are manufactured by inferior processes which result in inferior quality products.  By marketing, advertising, and selling Defendants' inferior items under counterfeits and or marks confusingly similar to the BRANCHING BUBBLE trademark, Defendants have damaged Plaintiff's goodwill and reputation for the sale of high quality products and will continue to damage Plaintiff's reputation unless enjoined.

112.    The activities of Defendants complained of herein constitute willful and intentional infringement of the BRANCHING BUBBLE trademark; are in total disregard of Plaintiffs' rights and

were commenced and have continued in spite of Defendants' knowledge that the use of the BRANCHING BUBBLE trademark, or a copy or a colorable imitation thereof, was and is in direct contravention of Plaintiff's rights.

113.    Plaintiffs have suffered (and continue to suffer) irreparable harm and damages as a result of Defendants' above-described activities, including diversion of sales from Plaintiffs to Defendants and a lessening of the goodwill residing in Plaintiffs' BRANCHING BUBBLE trademark. Defendants will, unless preliminarily and permanently restrained and enjoined, continue to act in the unlawful manner complained of herein, to Plaintiff's irreparable harm.  Plaintiff's remedy at law is not adequate to compensate them for the injuries suffered and threatened.

### COUNT III - FALSE DESIGNATION OF ORIGIN ("LINDSEY ADELMAN")

(Pursuant to 15 U.S.C. §1125(a) against all Defendants)

114.    Plaintiffs repeat and re-allege every allegation contained in paragraphs 1 through 85.

115.    This claim arises under 15 U.S.C. §1125(a) for false designation of origin (infringement of an unregistered trademark).

116.    Plaintiff, Lindsey Adelman has used the unregistered LINDSEY ADELMAN trademark in connection with Plaintiffs' high quality lighting and design products since at least 1996.

117.    The LINDSEY ADELMAN trademark is inherently distinct and has come to identify, in the United States and throughout the world, high quality lighting designs and products originating from Plaintiffs.

118.    The LINDSEY ADELMAN trademark has also acquired secondary meaning among interior designers and consumers of high end interior design products, who associate the LINDSEY ADELMAN mark with the high quality products produced, designed, marketed and sold by Plaintiffs.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

119.    Defendants, with full knowledge of the fame and reputation of the LINDSEY ADELMAN trademark, have intentionally, knowingly and willfully infringed upon the trademark by manufacturing and/or selling products bearing marks confusingly similar to the LINDSEY ADELMAN trademark without consent or permission of Plaintiffs, in order to deceive purchasers as to the origin and source of its products.

120.    Defendants have displayed, sold, and advertised (for sale) inferior lighting products and copies of Lindsey Adelman-designs bearing, or by utilizing, marks confusingly similar to the LINDSEY ADELMAN trademark.  These items in fact were not designed, sold, or distributed by, or pursuant to the authorization of Plaintiffs.

121.    Defendants' use of marks which are confusingly similar to the LINDSEY ADELMAN trademark is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that the goods sold by Defendants are authorized, sponsored or approved by Plaintiffs when, in fact, they are not and never have been.

122.    By reason of Defendants' use of marks confusingly similar to the LINDSEY ADELMAN trademark, in the course of selling their products, without obtaining the authorization of Plaintiffs, Defendants have infringed upon Plaintiff's rights in the LINDSEY ADELMAN trademark.

123.    The goodwill and favorable reputation existing in the LINDSEY ADELMAN trademark is a valuable asset belonging to Plaintiffs.  The acts complained of herein have caused Plaintiffs harm, and has the potential for inflicting a substantially greater injury to Plaintiffs' trademark and goodwill.

124.    Defendants' copies of authentic Lindsey Adelman designs, which have been advertised, promoted and sold under marks confusingly similar to the LINDSEY ADELMAN trademark were and are manufactured by inferior processes which result in inferior quality products.  By marketing,

advertising, and selling Defendants' inferior items under a mark confusingly similar to the LINDSEY ADELMAN trademark, Defendants have damaged Plaintiff's goodwill and reputation for the sale of high quality products and will continue to damage Plaintiff's reputation unless enjoined.

125.    The activities of Defendants complained of herein constitute willful and intentional infringement of the LINDSEY ADELMAN trademark; are in total disregard of Plaintiffs' rights and were commenced and have continued in spite of Defendants' knowledge that the use of the LINDSEY ADELMAN trademark, or a copy or a colorable imitation thereof, was and is in direct contravention of Plaintiff's rights.

126.    Plaintiffs have suffered (and continue to suffer) irreparable harm and damages as a result of Defendants' above-described activities, including diversion of sales from Plaintiffs to Defendants and a lessening of the goodwill residing in Plaintiffs' LINDSEY ADELMAN trademark. Defendants will, unless preliminarily and permanently restrained and enjoined, continue to act in the unlawful manner complained of herein, to Plaintiff's irreparable harm.  Plaintiff's remedy at law is not adequate to compensate them for the injuries suffered and threatened.

**COUNT IV - FALSE DESIGNATION OF ORIGIN ("LINDSEY ADELMAN MARKS")**

(Pursuant to 15 U.S.C. §1125(a) against all Defendants)

127.    Plaintiffs repeat and re-allege every allegation contained in paragraphs 1 through 85.

128.    This claim arises under 15 U.S.C. §1125(a) for false designation of origin (infringement of an unregistered trademark).

129.    Plaintiffs have used unregistered LINDSEY ADELMAN marks, specifically lighting design collecton names: AGNES, CHERRY BOMB, BURST, EDIE, and BRANCHING DISC that are closely associated in connection with Plaintiffs' high quality lighting and design products since at

least 2006.

130.   The LINDSEY ADELMAN marks are inherently distinct and have come to identify, in the United States and throughout the world, high quality lighting designs and products originating from Plaintiffs.

131.   The LINDSEY ADELMAN marks have also acquired secondary meaning among interior designers and consumers of high end interior design products, who associate the LINDSEY ADELMAN marks with the high quality products produced, designed, marketed and sold by Plaintiffs.

132.   Defendants, with full knowledge of the fame and reputation of the LINDSEY ADELMAN marks, have intentionally, knowingly and willfully infringed upon the marks by manufacturing and/or selling products bearing marks identical names and likenesses without consent or permission of Plaintiffs, in order to deceive purchasers as to the origin and source of its products.

133.   Defendants have displayed, sold, and advertised (for sale) inferior lighting products and copies of Lindsey Adelman-designs bearing, or by utilizing, counterfeit LINDSEY ADELMAN marks.  These items in fact were not designed, sold, or distributed by, or pursuant to the authorization of Plaintiffs.

134.   Defendants' use of marks which are identical and confusingly similar to the LINDSEY ADELMAN marks is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that the goods sold by Defendants are authorized, sponsored or approved by Plaintiffs when, in fact, they are not and never have been.

135.   By reason of Defendants' use of marks confusingly similar to the LINDSEY ADELMAN marks, in the course of selling their products, without obtaining the authorization of Plaintiffs, Defendants have infringed upon Plaintiff's rights in the LINDSEY ADELMAN marks.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL 33301
TELEPHONE (954) 987-7550

136.    The goodwill and favorable reputation existing in the LINDSEY ADELMAN marks is a valuable asset belonging to Plaintiffs.  The acts complained of herein have caused Plaintiffs harm, and has the potential for inflicting a substantially greater injury to Plaintiffs' trademark and goodwill.

137.    Defendants' copies of authentic Lindsey Adelman designs, which have been advertised, promoted and sold under marks identical and confusingly similar to the LINDSEY ADELMAN marks were and are manufactured by inferior processes which result in inferior quality products.  By marketing, advertising, and selling Defendants' inferior items under a mark confusingly similar to the LINDSEY ADELMAN marks, Defendants have damaged Plaintiff's goodwill and reputation for the sale of high quality products and will continue to damage Plaintiff's reputation unless enjoined.

The activities of Defendants complained of herein constitute willful and intentional infringement of the LINDSEY ADELMAN marks; are in total disregard of Plaintiffs' rights and were commenced and have continued in spite of Defendants' knowledge that the use of the LINDSEY ADELMAN marks was and is in direct contravention of Plaintiff's rights

138.    Plaintiffs have suffered (and continue to suffer) irreparable harm and damages as a result of Defendants' above-described activities, including diversion of sales from Plaintiffs to Defendants and a lessening of the goodwill residing in Plaintiffs' LINDSEY ADELMAN marks. Defendants will, unless preliminarily and permanently restrained and enjoined, continue to act in the unlawful manner complained of herein, to Plaintiff's irreparable harm.  Plaintiff's remedy at law is not adequate to compensate them for the injuries suffered and threatened.

## COUNT V - TRADE DRESS INFRINGEMENT

### (Pursuant to 15 U.S.C. §1125(a) against all Defendants)

139.    Plaintiffs repeat and re-allege every allegation contained in paragraphs 1 through 86.

140.    This claim arises under 15 U.S.C. §1125(a) for trade dress infringement.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

141.     The Lindsey Adelman Studio *Branching Bubble* lighting design system is inherently distinct and has come to identify, in the United States and throughout the world, a specifically designed high quality lighting product originating from Plaintiffs.

142.     The *Branching Bubble* product line has acquired secondary meaning within the market, including but not limited to interior designers and consumers of high end interior design products, who associate the *Branching Bubble* design and products with the high quality products produced, designed, marketed and sold by Plaintiffs.

143.     The *Branching Bubble* line employs distinctive non-functional features that indicate source of origin and are the protectable property rights of Plaintiffs.

144.     Distinctive non-functional elements constituting Plaintiff's protected *Branching Bubble* trade dress include:  a system of hand-sculpted brass or metallic cylinders connecting to other linear cylinders that evoke limbs of a tree with branches composed of clean geometric lines forming a series of angles that reach multiple end-points, at which an enclosed glass globe light is affixed, creating a bubble of light at various ends of the "branch" system.

145.     The combination of the metal stem, the "branching" arms diverging in angles off the metal stem, and the globe lights affixed to each "branch" is inherently distinctive and has achieved secondary meaning with the consuming public, which recognizes the *Branching Bubble* design as originating from Plaintiffs.

146.     Since introduction of the *Branching Bubble* design in 2006, Plaintiffs have spent considerable resources, including funds and substantial time and labor costs on: print and internet advertising prominently featuring pictures of *Branching Bubble* designs that emphasize its unique and distinctive appearance, together with personal designer appearances at design shows, museums and

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

trade events to support and promote the *Branching Bubble* lighting system.  The result is world-wide fame and recognition of the *Branching Bubble* line that is associated with Plaintiffs.

147.    Plaintiffs have been utilizing the *Branching Bubble* design since 2006, and have been advertising the design for that same period of time, with the intent of promoting the connection by the public between the plaintiffs and the *Branching Bubble* product line.  Plaintiffs' use of the *Branching Bubble* design predates any use by Defendants of the same or similar design.

148.    Plaintiffs have exhibited the *Branching Bubble* design at the Smithsonian Design Museum, the Cooper Hewitt National Design Museum, and Design Miami.  Further, the *Branching Bubble* lighting products have been sold at BBDW in New York, and at Nilufar Gallery in Milan, which promotes Plaintiffs' work globally.  Plaintiffs have further displayed the *Branching Bubble* chandeliers at trade shows, and in internet listings on major internet search engines.  The *Branching Bubble* design has received a number of awards and other forms of public recognition.  Thus, the advertising undertaken by the Plaintiffs has conferred secondary meaning on the *Branching Bubble* design.

149.    A substantial portion of Lindsey Adelman Studio's revenue is attributable to the *Branching Bubble* collection.

150.    In flagrant disregard of Plaintiffs' rights, Defendants are intentionally, knowingly and willfully infringing the Plaintiffs' protected *Branching Bubble* trade dress by manufacturing, displaying, advertising and selling, through its retail stores and over the internet, products bearing a design so nearly identical to the *Branching Bubble* design that they are likely to cause confusion in the mind of the consuming public.

151.    Defendants offer for sale copies of the *Branching Bubble* chandeliers and lighting designs that are mass-produced, at substantially reduced prices.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

152.    The overall impression created by Defendants' knockoffs and the Plaintiffs' original products is that they are substantially similar to one another.  Each employs a metal stem with branching metal arms and affixes glass globes to each of the metal "branches."  The basic outlines and design silhouettes of the products are substantially similar.  And Defendants have employed similar colors creating an overall impression and feel that evokes and trades off of the Branching Bubble designs sold by Plaintiffs.

153.    Indeed, Defendants, through their own advertising descriptions, attempt to heighten the association between their inferior products and Plaintiff's authentic goods by using the identical *Branching Bubble* collection and design names and other exact copies of the Lindsey Adelman marks.

154.    The parties' products are sold in the same geographic areas and in fact all over the world.

155.    The parties' products are targeted at the same groups of consumers. However, Defendants also cater to customers who might otherwise aspire to own authentic *Branching Bubble* products, but are unable or unwilling to pay for the genuine product, so instead acquire Defendants' cheaper copies.

156.    Defendants and Plaintiffs are in direct competition with one another.

157.    The use by Defendants of the Lindsey Adelman marks in tagging various web pages, along with the use of the words "branch" and "bubble" in their product descriptions, indicates bad faith in marketing their products.

158.    While *Branching Bubble* products are, in general, purchased by more sophisticated consumers, those same consumers, when viewing Defendants' products, are likely to assume that the presence of authentic *Branching Bubble* images and designs in Defendants' products indicates association or sponsorship between the two.

159.    Defendants have used designs and words likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants and Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' goods by Plaintiffs.  Prospective purchasers are likely to believe Plaintiffs sponsored or otherwise approved of Defendants' use of the *Branching Bubble* design, when, in reality, Plaintiffs have never sponsored or approved the Defendants' use.  Further, prospective purchasers are attracted to Defendants' designs by virtue of their piracy of authentic *Branching Bubble* images and designs.  Further, even if those same purchasers are not actually confused at the time of purchase, they intend others to believe that such products did in fact originate from Plaintiff.  Other consumers are also likely to be confused as to the source of Defendants' designs when observed in a post-sale context.

160.    The goodwill and favorable reputation existing in the *Branching Bubble* design is a valuable asset belonging solely and exclusively to the plaintiffs.  The acts complained of herein have caused harm to Plaintiffs, and if not preliminarily and permanently enjoined, will continue to harm Plaintiffs' intellectual property and goodwill.

161.    Defendants' activities constitute willful and intentional infringement of the Plaintiffs' trade dress, are in total disregard of Plaintiffs' rights, were commenced and have continued in spite of Defendants' knowledge that the use of Plaintiffs' trade dress, or a copy or colorable imitation thereof, was and is in direct contravention of Plaintiffs' rights.

162.    Plaintiffs have suffered and continue to suffer irreparable harm as a result of Defendants' actions, including but not limited to diversion of sales from Lindsey Adelman Studio to Defendants and a lessening of the goodwill residing in Plaintiffs' Branching Bubble designed lighting system.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

163.    Plaintiffs' remedy at law is not adequate to compensate them for the injuries suffered and threatened.

164.    As a direct and proximate result of Defendants' actions, Plaintiffs have sustained damages in an amount to be determined at trial.

### COUNT VI – TRADEMARK DILUTION ("LINDSEY ADELMAN STUDIO")

(Pursuant to 15 U.S.C. §1125(c) against all Defendants)

165.    Plaintiffs repeat and re-allege every allegation contained in paragraphs 1 through 85.

166.    This claim arises under 15 U.S.C. §1125(c) for trademark dilution of Plaintiffs' registered LINDSEY ADELMAN STUDIO mark.

167.    The LINDSEY ADELMAN STUDIO registered trademark is inherently distinct and has come to identify, in the United States and throughout the world, high quality lighting designs and products originating from Plaintiffs.

168.    The LINDSEY ADELMAN STUDIO trademark has also acquired secondary meaning among interior designers and consumers of high end interior design products who associate the registered mark with the high quality products produced, designed, marketed and sold by Plaintiffs.

169.    The LINDSEY ADELMAN STUDIO trademark is famous, as further evinced by: widespread marketing and advertising under the mark; unsolicited media attention garnered by the mark; accolades and acclaim bestowed upon Plaintiffs' lighting design products; exhibitions of Lindsey Adelman Studio designs in museums and art houses; and taste-making customers who have trumpeted the qualities and virtues of the products sold under the mark.

170.    Plaintiffs commenced use of the famous LINDSEY ADELMAN STUDIO trademark in or before 2006.

171.    After Plaintiffs established the mark as famous, Defendants, with full knowledge of

the fame and reputation of the LINDSEY ADELMAN STUDIO trademark, have intentionally, diluted and infringed upon the trademark by manufacturing and/or selling products bearing marks identical to, and confusingly similar with the LINDSEY ADELMAN STUDIO trademark without consent or permission of Plaintiffs.

172.   As a result of Defendants' conduct described herein, the distinctive quality of the LINDSEY ADELMAN STUDIO trademark is being diluted.

173.   Defendants' have damaged, and are continuing to damage, Plaintiff's goodwill and reputation for the sale of high quality products and will continue doing so unless enjoined.

174.   The activities of Defendants complained of herein constitute willful and intentional dilution of the LINDSEY ADELMAN STUDIO trademark, are in total disregard of Plaintiffs' rights, and were commenced and have continued in spite of Defendants' knowledge that the use of the LINDSEY ADELMAN STUDIO trademark, or a copy or a colorable imitation thereof, was and is in direct contravention of Plaintiff's rights.

175.   Plaintiffs have suffered (and continue to suffer) irreparable harm and damages as a result of Defendants' above-described activities, including false association between Plaintiffs' goods and Defendants' and a lessening of the goodwill residing in Plaintiffs' LINDSEY ADELMAN STUDIO trademark.  Defendants will, unless preliminarily and permanently restrained and enjoined, continue to act in the unlawful manner complained of herein, to Plaintiff's irreparable harm.  Plaintiff's remedy at law is not adequate to compensate them for the injuries suffered and threatened.

## COUNT VII – TRADEMARK DILUTION ("LINDSEY ADELMAN")

(Pursuant to 15 U.S.C. §1125(c) against all Defendants)

176.   Plaintiffs repeat and re-allege every allegation contained in paragraphs 1 through 85.

177.   This claim arises under 15 U.S.C. §1125(c) for trademark dilution of Plaintiffs'

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

unregistered LINDSEY ADELMAN mark.

178.    The LINDSEY ADELMAN trademark is inherently distinct and has come to identify, in the United States and throughout the world, high quality lighting designs and products originating from Plaintiffs.

179.    The LINDSEY ADELMAN trademark has also acquired secondary meaning among interior designers and consumers of high end interior design products who associate the mark with the high quality products produced, designed, marketed and sold by Plaintiffs.

180.    The LINDSEY ADELMAN trademark is famous, as further evinced by: widespread marketing and advertising under the mark; unsolicited media attention garnered by the mark; accolades and acclaim bestowed upon Plaintiffs lighting design products; exhibitions of *Lindsey Adelman* designs in museums and art houses; and taste-making customers who have trumpeted the qualities and virtues of the products sold under the mark.

181.    Plaintiffs commenced use of the famous LINDSEY ADELMAN trademark in or before 2006.

182.    After Plaintiffs established the mark as famous, Defendants, with full knowledge of the fame and reputation of the LINDSEY ADELMAN trademark, have intentionally, diluted and infringed upon the mark by manufacturing and/or selling products bearing marks identical to, and confusingly similar with, the LINDSEY ADELMAN mark without consent or permission of Plaintiffs.

183.    As a result of Defendants' conduct described herein, the distinctive quality of the LINDSEY ADELMAN mark is being diluted.

184.    Defendants' have damaged, and are continuing to damage, Plaintiff's goodwill and reputation for the sale of high quality products and will continue doing so unless enjoined.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL 33301
TELEPHONE (954) 987-7550

185.    The activities of Defendants complained of herein constitute willful and intentional dilution of the LINDSEY ADELMAN trademark; are in total disregard of Plaintiffs' rights and were commenced and have continued in spite of Defendants' knowledge that the use of the LINDSEY ADELMAN trademark, or a copy or a colorable imitation thereof, was and is in direct contravention of Plaintiff's rights.

186.    Plaintiffs have suffered (and continue to suffer) irreparable harm and damages as a result of Defendants' above-described activities, including false association between Plaintiffs' goods and Defendants' and a lessening of the goodwill residing in Plaintiffs' LINDSEY ADELMAN trademark.  Defendants will, unless preliminarily and permanently restrained and enjoined, continue to act in the unlawful manner complained of herein, to Plaintiff's irreparable harm.  Plaintiff's remedy at law is not adequate to compensate them for the injuries suffered and threatened.

### COUNT VIII – TRADEMARK DILUTION ("BRANCHING BUBBLE")

(Pursuant to 15 U.S.C. §1125(c) against all Defendants)

187.    Plaintiffs repeat and re-allege every allegation contained in paragraphs 1 through 85.

188.    This claim arises under 15 U.S.C. §1125(c) for trademark dilution of Plaintiffs' registered BRANCHING BUBBLE mark.

189.    The BRANCHING BUBBLE trademark is inherently distinct and has come to identify, in the United States and throughout the world, high quality lighting designs and products originating from Plaintiffs.

190.    The BRANCHING BUBBLE trademark has also acquired secondary meaning among interior designers and consumers of high end interior design products who associate the mark with the high quality products produced, designed, marketed and sold by Plaintiffs.

191.    The BRANCHING BUBBLE trademark is famous, as further evinced by: widespread

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL 33301
TELEPHONE (954) 987-7550

marketing and advertising under the mark; unsolicited media attention garnered by the mark; accolades and acclaim bestowed upon Plaintiffs lighting design products; exhibitions of *Lindsey Adelman* designs in museums and art houses; and taste-making customers who have trumpeted the qualities and virtues of the products sold under the mark.

192.    Plaintiffs commenced use of the famous BRANCHING BUBBLE trademark in or before 2006.

193.    After Plaintiffs established the mark as famous, Defendants, with full knowledge of the fame and reputation of the BRANCHING BUBBLE trademark, have intentionally, diluted and infringed upon the mark by manufacturing and/or selling products bearing marks identical to, and confusingly similar with, the BRANCHING BUBBLE mark without consent or permission of Plaintiffs.

194.    As a result of Defendants' conduct described herein, the distinctive quality of the BRANCHING BUBBLE mark is being diluted.

195.    Defendants' have damaged, and are continuing to damage, Plaintiff's goodwill and reputation for the sale of high quality products and will continue doing so unless enjoined.

196.    The activities of Defendants complained of herein constitute willful and intentional dilution of the BRANCHING BUBBLE trademark; are in total disregard of Plaintiffs' rights and were commenced and have continued in spite of Defendants' knowledge that the use of the BRANCHING BUBBLE trademark, or a copy or a colorable imitation thereof, was and is in direct contravention of Plaintiff's rights.

197.    Plaintiffs have suffered (and continue to suffer) irreparable harm and damages as a result of Defendants' above-described activities, including false association between Plaintiffs' goods and Defendants' and a lessening of the goodwill residing in Plaintiffs' BRANCHING BUBBLE

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL 33301
TELEPHONE (954) 987-7550

trademark.  Defendants will, unless preliminarily and permanently restrained and enjoined, continue

to act in the unlawful manner complained of herein, to Plaintiff's irreparable harm.  Plaintiff's remedy

at law is not adequate to compensate them for the injuries suffered and threatened.

### COUNT IX – TRADE DRESS DILUTION ("BRANCHING BUBBLE")

(Pursuant to 15 U.S.C. §1125(C) against all Defendants)

198.    Plaintiffs repeat and re-allege every allegation contained in paragraphs 1 through 85.

199.    This claim arises under 15 U.S.C. §1125(c) for trademark dilution of Plaintiffs'

unregistered *Branching Bubble* product trade dress.

200.    The BRANCHING BUBBLE trade dress is inherently distinct and has come to

identify, in the United States and throughout the world, high quality lighting designs and products

originating from Plaintiffs.

201.    The BRANCHING BUBBLE trade dress has also acquired secondary meaning among

interior designers and consumers of high end interior design products who associate the trade dress

with the high quality products produced, designed, marketed and sold by Plaintiffs.

202.    The BRANCHING BUBBLE trade dress is famous, as further evinced by: widespread

marketing and advertising depicting the product's protected trade dress; unsolicited media attention

garnered by the BRANCHING BUBBLE line; accolades and acclaim bestowed upon Plaintiffs'

BRANCHING BUBBLE products; exhibitions of BRANCHING BUBBLE designs in museums and

art houses; and taste-making customers who have trumpeted the qualities and virtues of the

BRANCHING BUBBLE products sold by Plaintiffs.

203.    Plaintiffs commenced use of the famous BRANCHING BUBBLE product(s) and

associated dress in or before 2006.

204.    After Plaintiffs established the trade dress as famous, Defendants, with full knowledge

of the fame and reputation of the BRANCHING BUBBLE trade dress, have intentionally, diluted and infringed upon the trade dress by manufacturing and/or selling products bearing marks confusingly similar to the BRANCHING BUBBLE products without consent or permission of Plaintiffs.

205.    As a result of Defendants' conduct described herein, the distinctive quality of the BRANCHING BUBBLE trade dress is being diluted.

206.    Defendants' have damaged, and are continuing to damage, Plaintiff's goodwill and reputation for the sale of high quality products and will continue doing so unless enjoined.

207.    The activities of Defendants complained of herein constitute willful and intentional dilution of the BRANCHING BUBBLE trade dress; are in total disregard of Plaintiffs' rights and were commenced and have continued in spite of Defendants' knowledge that the use of the BRANCHING BUBBLE trade dress, or a copy or a colorable imitation thereof, was and is in direct contravention of Plaintiff's rights.

208.    Plaintiffs have suffered (and continue to suffer) irreparable harm and damages as a result of Defendants' above-described activities, including false association between Plaintiffs' goods and Defendants' and a lessening of the goodwill residing in Plaintiffs' BRANCHING BUBBLE trade dress.  Defendants will, unless preliminarily and permanently restrained and enjoined, continue to act in the unlawful manner complained of herein, to Plaintiff's irreparable harm.  Plaintiff's remedy at law is not adequate to compensate them for the injuries suffered and threatened.

## COUNT X – COMMON LAW UNFAIR COMPETITION

### (Against all Defendants)

209.    Plaintiffs repeat and re-allege every allegation contained in paragraphs 1 through 85.

210.    Through the above described conduct, Defendants have misappropriated the labors and expenditures of Plaintiffs in bad faith for the purpose of misleading the public and exploiting Plaintiffs

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

work for their own improper commercial benefit and gain.

211.    Defendants are passing off inferior lighting design copies as Plaintiffs.  Defendants'
utilize the Lindsey Adelman marks in the marketing, sale and promotion of their offerings,
intentionally misleading the public as to source and authenticity of their products.  In so doing,
Defendants pass off products as authentic Lindsey Adelman designs when in fact they are not.

212.    The consuming public is likely to be confused as to the source and origin of the goods
offered for sale by Defendants, who utilize, rely upon, and copy the Lindsey Adelman marks in the
sale and promotion of their goods.  Upon information and belief, actual confusion has occurred as a
result of Defendants' bad faith conduct.

213.    The activities of Defendants complained of herein constitute unfair competition; are in
total disregard of Plaintiffs' rights and were commenced and have continued in spite of Defendants'
knowledge that their conduct was in bad faith and in direct contravention of Plaintiffs' rights.

214.    Plaintiffs have suffered (and continue to suffer) irreparable harm and damages as a
result of Defendants' above-described activities, including false association between the parties and a
lessening of the goodwill residing in Plaintiffs' Lindsey Adelman marks.  Defendants will, unless
preliminarily and permanently restrained and enjoined, continue to act in the unlawful manner
complained of herein, to Plaintiff's irreparable harm.  Plaintiff's remedy at law is not adequate to
compensate them for the injuries suffered and threatened.


**COUNT XI – NY STATUTORY CLAIMS**

(Against all Defendants)

215.    Plaintiffs repeat and re-allege every allegation contained in paragraphs 1 through 85.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

216.    Plaintiff, Lindsey Adelman bnrings this is an action for violation of the New York Civil Rights Law, sections 50 and 51, against all Defenants.

217.    In the course of conducting advertising for the sale of their products, Defendants have used the Adelamn's name and likeness without her consent within the State of New York and all over the world.

218.    As a direct and proximate result of Defendants' actions, Plaintiff Lindsey Adelman has sustained damages in an amount to be determined at trial.


## <u>DEMAND</u>

**WHEREFORE**, Plaintiffs, Lindsey Adelman Studio, LLC and Lindsey Adelman demand entry of Final Judgment against Defendants ZORA Lighting Co., Ltd., Liang Tang, and John Does Nos. 1 – 5 for:

A.    Preliminary and permanent injunctive relief enjoining Defendants, their agents, employees, servants, privies, successors, and assigns, and all persons acting in concert, participation or combination with the Defendants, from:

manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their infringing or counterfeit goods; from infringing, counterfeiting, or diluting the Lindsey Adelman marks; from using the Lindsey Adelman marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiffs; from falsely representing themselves as being connected with Plaintiffs, through sponsorship or association, or engaging in any act which is likely to falsely

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Plaintiffs; from using any reproduction, counterfeit, copy, or colorable imitation of the Lindsey Adelman marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiffs, or in any way endorsed by Plaintiffs and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of the Plaintiffs' names or the Lindsey Adelman marks; and from otherwise unfairly competing with Lindsey Adelman marks.

B.      Entry of a preliminary and permanent injunction pursuant to 28 U.S.C §1651(a), The All Writs Act, enjoining Defendants and all third parties from creating, maintaining, operating, joining, participating in, including providing financial, technical or other support to, the world wide web based illegal marketplace, conspiracy to market, offer for sale, sell or distribute non-genuine goods bearing counterfeits of the Lindsey Adelman marks.

C.      Entry of an order requiring the Defendants' internet domain names, and any other domain names being used by Defendants to engage in the business of marketing, offering to sell and/or selling goods bearing counterfeits and infringements of the Lindsey Adelman marks to be disabled and/or immediately transferred by Defendants, their Registrars and/or the Registries to Plaintiff's control.

D.      Entry of an Order that, upon Plaintiffs' request, the top level domain (TLD) Registry for each of Defendants' domain name or their administrators place the subject domain names on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them

44

from the TLD zone files maintained by the Registries that links the domain name(s) to the IP address where the associated websites are hosted.

E.      Entry of an Order that, upon Plaintiffs' request, any Internet search engines, web hosts, domain-name registrars and domain-name registries or administrators which are provided with notice of the injunction, cease facilitating access to any or all websites through which Defendants engage in the promotion, offering for sale and/or sale goods bearing counterfeits and/or infringements of the Lindsey Adelman marks.

F.      Entry of an Order that, upon Plaintiffs' request, the Internet Corporation for Assigned Names and Numbers ("ICANN") shall take all actions necessary to ensure that the top level domain registries or their administrators responsible for the subject domain names facilitate the transfer, and/or disable the subject domain names.

G.      Ordering Defendants to account for all inventory, goods and materials which contain, depict, utilize or derive from the Lindsey Adelman marks, and at Defendants' sole cost and expense, permanently destroy such infringing and diluting goods so that such goods are not sold or transferred or otherwise enter the stream of commerce;

H.      An award of damages in a sum to be determined at trial accounting for all losses by Plaintiffs, and/or all gains, profits and advantages derived by Defendants through the sale, advertisement, and promotion of products that use, incorporate, infringe or dilute the Lindsey Adelman marks, or any marks or designs similar thereto;

I.      On submission of evidence supporting same, treble damages, punitive damages, reasonable attorneys' fees, costs and disbursements incurred by Plaintiffs in the prosecution of this action; and

J.      Such other relief as this Court deems just and proper.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

DATED:May 22, 2019.

                                      Respectfully submitted,

                                        Becker & Poliakoff, P.A.
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL  33301
Telephone:  (954) 987-7550
Facsimile:  (954) 985-4176
grosen@beckerlawyers.com
kmarkow@beckerlawyers.com
oedwards7@beckerlawyers.com


By:_____/s/ Gary C. Rosen, Esq._____
                    Gary C. Rosen, Esq.
                    NY Bar No. 5581616
                    Kevin Markow, Esq.
                    FL Bar No. 66982
                    *(pro hac vice application pending)*
                    Oliver Edwards VII, Esq.
                    NY Bar No. 5168174

ACTIVE: L25798/395006:12180781_1

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550