UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No:  1:19-cv-04715

LINDSEY ADELMAN STUDIO, LLC, a
New York limited liability company, LINDSEY
ADELMAN, individually,

    Plaintiffs,

vs.

ZORA Lighting Co., Ltd., a Chinese
business entity; Liang Tang, individually,
and John Does Nos. 1 - 5,

    Defendants.
_____/

## [proposed] FINAL DEFAULT JUDGMENT AND PRELIMINARY INJUNCTION

Plaintiffs, Lindsey Adelman Studio, LLC and Lindsey Adelman, individually, have moved for a Default Final Judgment and Permanent Injunction pursuant to Federal Rule of Civil Procedure 55(b).  Based on the submissions of Plaintiffs, the Court's review of this matter, and a Default having been entered against Defendants, ZORA Lighting Co., Ltd. and Liang Tang, Plaintiffs' motion is Granted.  Final Default Judgment and a Permanent Injunction is entered as follows:

WHEREAS, this action was commenced by Plaintiffs on May 22, 2019 asserting claims for injunctive relief and damages against Defendants, ZORA Lighting Co., Ltd., Liang Tang, and John Does 1 – 5, for trademark infringement (Counts I and II); false designation of origin under section 43(a) the Lanham Act (Counts III and IV); trade dress infringement (Count V), trademark and trade dress dilution under section 43(c) of the Lanham Act (Counts VI – IX), common law unfair competition (Count X), and violations of New York Civil Rights Law sections 50 and 51 (Count XI);

1

EXHIBIT "B"

WHEREAS, this action arose from Defendants' counterfeiting, intentional infringement and passing off inauthentic, inferior goods while utilizing and incorporating Plaintiffs' protected trademarks without consent or authorization.

WHEREAS, with the Complaint, Plaintiffs sought an Ex-Parte Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue [D.E. 5], with supporting declarations.[1]

WHEREAS, on May 29, 2019, the Court issued a Temporary Restraining Order [D.E. 20] providing emergency relief to protect Plaintiffs' "Lindsey Adelman marks" and the public from being misled, confused, and defrauded.  The Temporary Restraining Order required Plaintiffs to post a $10,000 bond, which was posted and remains in the Court registry.  *Id*.

WHEREAS, paragraph 14 of the Temporary Restraining Order, authorized service of process by alternative electronic means pursuant to Fed. R. Civ. P. 4(f)(3).  Plaintiffs complied with the alternate service requirements and filed Notices of Compliance as to same on June 6, 2019 [D.E. 23] and July 24, 2019 [D.E. 27].

WHEREAS, Defendants were provided electronic service of the Temporary Restraining Order, which provided notice of the June 11, 2019 hearing, through their known email addresses and their internet proxy service through which Defendants' registered their website www.zoralighting.com.  Defendants were also provided electronic copies of the summonses,

---

[1] Plaintiffs sought and received injunctive relief pursuant to Counts I, II, III, and IV of their Complaint asserting claims for: infringement of registered trademark "LINDSEY ADELMAN STUDIO" (Count I);  infringement of registered trademark "BRANCHING BUBBLE" (Count II); false designation of origin/infringement of unregistered trademark "LINDSEY ADELMAN" (Count III); and false designation of origin/infringement of unregistered "LINDSEY ADELMAN marks" (count IV).

complaint, and Plaintiffs' motion as instructed by the Court and confirmed by Plaintiffs' Notice of Compliance [D.E. 23].

WHEREAS, the Temporary Restraining Order required Defendants: (1) to respond by June 6, 2019 as to why a preliminary injunction should not issue, and (2) to appear for a hearing on June 11, 2019. Defendants failed to respond and failed to appear.

WHEREAS, prior to the June 11, 2019 hearing, the Court received and reviewed: Plaintiffs' Complaint; Ex-Parte Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue; the Declaration of Alexander Perros; Supplemental Declaration of Alexander Perros; Declaration of Marc Hurwitz; Declaration of counsel Kevin Markow; Supplemental Declaration of Kevin Markow; and Declaration of Rebecca Satterlee.

WHEREAS, Plaintiffs appeared at the hearing and proffered testimony and evidence supporting the Preliminary Injunction.

WHEREAS, on June 18, 2019, the Court entered its Preliminary Injunction against Defendants. Among other relief, paragraph 1 of the Preliminary Injunction extended the prohibitions of the Temporary Restraining Order by prohibiting Defendants from using the Lindsey Adelman marks. [D.E. 26].

WHEREAS, paragraphs 2 and 3 of the Preliminary Injunction restrained the transfer or continued use of Defendants' websites, www.zoralighting.com and www.topsonlighting.com, pending further Order of Court.

WHEREAS, paragraph 9 of the Preliminary Injunction reauthorized service of process through alternative electronic means pursuant to Federal Rule of Civil Procedure 4(f)(3). On July

24, 2019, Plaintiffs served their Notice of Compliance and Alternative Service of Process on Defendants; confirming their compliance with this Court's Order [D.E. 27].

WHEREAS, following Plaintiffs' service of process, and all documents in this case, upon Defendants in the manners authorized, Defendants have failed to plead or otherwise defend this action as required by law.

WHEREAS, following Plaintiffs' service of process and all documents in this case upon Defendants in the manners authorized, Defendants have failed to plead or otherwise defend this action as required by law.

WHEREAS, on December 10, 2019, the Clerk issued Certificates of Default against Defendants ZORA Lighting Co., Ltd., a Chinese business entity [D.E. 34], and Liang Ting, an individual [D.E. 33], pursuant to Fed. R. Civ. P. 55(a).

WHEREAS, Plaintiffs have now moved for Final Default Judgment and entry of a Permanent Injunction.

The Court having reviewed Plaintiffs' submissions, and the record in this matter, grants the motion, with the following Findings of Fact and Conclusions of Law:

<u>Findings of Fact</u>

1. Plaintiff Lindsey Adelman is a well-known designer of quality lighting products. Adelman's lighting design products are made, marketed, and sold through Lindsey Adelman Studio.

2. Plaintiffs own federally registered trademarks for "LINDSEY ADELMAN STUDIO" and "BRANCHING BUBBLE", which is a chandelier and collection of lighting designs sold and designed by Plaintiffs.

3. Plaintiffs also sell and market their lighting products under unregistered trademarks that include the "LINDSEY ADELMAN" name, and other lighting design products and collections such as AGNES, CHERRY BOMB, BURST, EDIE, and BRANCHING DISC. These, together with Plaintiffs' registered marks are collectively referred to as the "Lindsey Adelman marks".

4. Plaintiffs own all right, title and interest in and to the Lindsey Adelman marks in connection with Lindsey Adelman and Lindsey Adelman Studio products, and the Lindsey Adelman marks are valid, protectable, and entitled to protection.

5. Defendants are manufacturing, distributing, marketing, offering for sale, and selling through the internet and various social media websites counterfeit, or substantially similar reproductions, and copies of Plaintiffs' lighting design products bearing counterfeit and/or infringing copies of Plaintiffs' registered and unregistered Lindsey Adelman marks (the "Infringing Products").

6. Defendants market, promote, and sell the Infringing Products on their website, www.zoralighting.com. The Infringing Products and the www.zoralighting.com website are also promoted and marketed through internet search engines, such as www.google.com and on social media websites including, www.facebook.com, www.instagram.com, www.twitter.com and www.pinterest.com.

7. Subsequent to the Temporary Restraining Order, Plaintiffs' received expedited discovery linking Defendants to another website, www.topsonlighting.com, where Defendants also market, promote and sell Infringing Products. Defendants maintain a significant social media presence promoting the www.topsonlighting.com website.

8. Defendants do not sell authentic goods from Plaintiffs. Defendants are not authorized, sponsored, or approved by Plaintiffs. Yet on their websites and in Defendants'

5

promotion of lighting products on their websites and over the internet, Defendants use the Lindsey Adelman marks in connection with the sale of Defendants' Infringing Products.

9. Plaintiffs have not consented to Defendants' use of the Lindsey Adelman marks.

10. In their sales activities and without consent, Defendants also use the Lindsey Adelman marks alongside authentic pictures of Plaintiffs' products that were commissioned and developed by Plaintiffs for use by Plaintiffs in their lighting design business.

11. Defendants have taken steps to shield their true identities and location. Evident from Defendants' websites, both www.zoralighting.com and www.topsonlighting.com , are false representations as to Defendants' physical presence in the United States. Each site lists United States addresses in Pennsylvania and California where Defendants claimed to be located, though the evidence supports the conclusion that they are located in China.

12. As to www.topsonlighting.com, the Court finds that Defendants made substantive changes to that website subsequent to service of the Temporary Restraining Order and proceedings of this case that support the finding of common ownership, control, or purpose as between www.zoralighting.com and www.topsonlighting.com.

## Conclusions of Law

13. In granting Plaintiffs request for Preliminary Injunction, and based on its submissions, the Court found Plaintiffs had established a substantially likelihood of success on the merits of their claims for infringement and counterfeiting of registered and unregistered trademarks pursuant to the Lanham Act, 15 U.S.C. §§1114 and 1125(a).

14. Subsequent defaults have been entered against Defendants who have failed to appear and defend against Plaintiffs' claims. "Where default has been entered against the defendant, courts are to accept as true all of the well-pleaded facts alleged in the complaint, except

those concerning the amount of damages." *Salvatore Ferragamo S.P.A. v. Does*, 13 CIV. 0542 (LAK), 2013 WL 12108075 (S.D.N.Y. Nov. 22, 2013) (citing *Au Bon Pain Corp. v. Artect Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)); *All-Star Mktg. Grp., LLC v. Media Brands Co., Ltd.*, 775 F. Supp. 2d 613, 618 (S.D.N.Y. 2011).

15. Accepting Plaintiffs' well-pled claims as true, and together with its submissions of record, Plaintiffs' are entitled to the relief provided herein.

16. As a result of Defendants' use of counterfeit and infringing Lindsey Adelman marks in connection with the sale and marketing of infringing products, Plaintiffs are suffering from, and have been threatened with, irreparable harm.

17. Defendants' activities on their websites and over the internet have caused a likelihood of consumer confusion with the Lindsey Adelman marks, and irreparable damage to the goodwill residing in the Lindsey Adelman marks.

18. There is good cause to believe that more counterfeit and infringing products bearing Plaintiffs' marks will appear in the marketplace; that consumers will be misled, confused, or disappointed by the quality of these products; and that Plaintiffs may suffer loss of sales for their genuine products, a loss of goodwill associated with their marks, and an erosion of the legitimate marketplace in which Plaintiffs do business in the absence of a permanent injunction.

### Final Judgment and Permanent Injunction

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiffs' motion for a preliminary injunction is **GRANTED** and Final Judgment is entered as follows:

Defendants are liable for federal trademark counterfeiting and infringement under 15 U.S.C. §§ 1114 & 1117, unfair competition, and false designation of origin under 15 U.S.C. § 1125(a).[2]

Defendants, ZORA Lighting Co. Ltd. and Liang Tang, their agents, employees, representatives, privies, proxies, successors, and assigns, and all persons acting in concert, participation or combination with the Defendants having notice of this Order are hereby enjoined and prohibited, directly or indirectly, from:

(a)   Using the Lindsey Adelman Marks in any manner, and from making, using, or promoting any mark that is similar thereto, particularly in connection with interior and lighting design sales, concepts or products, including on the internet through e-commerce websites, including on www.zoralighting.com and www.topsonlighting.com, in metadata, marketing or promotional activities such as Google ad-words, other keyword advertising, social media, or user-generated content sites such as youtube.com, vimeo.com, vevo.com, flickr.com, and the like;

(b)   Making, using, offering for sale, or selling any lighting fixture through the use of any name, mark, or indicator of origin that is confusingly similar to the Lindsey Adelman marks;

(c)   Using marks or other indicators of origin that are likely to cause confusion, mistake, or deception in the minds of the consuming public as to Plaintiffs' affiliation, association, connection, licensing, sponsorship, or approval of any of the products or services offered by Defendants;

---

[2] Plaintiffs have also asserted well-pled claims for: trade dress infringement (Count V), trademark and trade dress dilution under section 43(c) of the Lanham Act (Counts VI – IX), common law unfair competition (Count X), and violations of New York Civil Rights Law sections 50 and 51 (Count XI).

(d)     Passing off, inducing, or enabling others to offer or pass off any product or service which does not originate from Plaintiffs as a product or design that does in fact originate from Plaintiffs;

(e)     Committing any other act calculated to cause any person or entity to believe that Defendants' products originate from Plaintiffs, unless such product or design does in fact originate from Plaintiffs; and

(f)     Utilizing any of the Lindsey Adelman marks or any derivative or variation of those terms or marks, or any visually or phonetically similar term in connection with any goods or lighting designs offered for sale, including on the internet through e-commerce websites, meta-data, marketing or promotional activities such as google ad-words, or other keyword advertising. Prohibited terms shall include: Lindsey Adelman, Lindsey Adelman Studio, Branching Bubble, Agnes, Branching Disc, Burst, Cherry Bomb, Kingdom Clamp, Knotty Bubbles, Lindsey, and future Lindsey Adelman Studio collections.

IT IS FURTHER ORDERED that in accordance with this Court's inherent equitable powers and its power to coerce compliance with its lawful orders, in the event Plaintiff identifies any new websites or domain names ("Supplemental Domain Names and/or Websites") registered or operated by any Defendant for the purpose of marketing, offering for sale and/or selling infringing or counterfeit goods, Plaintiffs may request from this Court, by way of declaration, an amendment to this Order or issuance of a supplemental order for the purpose of disabling such supplemental domain names and/or websites.

In accordance with 15 U.S.C. §1116(a) and this Court's inherent equitable power, all applicable domain name registries (including but not limited to GoDaddy.com) holding or listing one or more of the domain names used in conjunction with the above described infringement

(www.zoralighting.com and www.topsonlighting.com) shall transfer the domain names associated with Defendants' infringing websites, or any newly–discovered infringing websites, to Plaintiffs' ownership and control, including changing the registrar of record to the registrar of Plaintiff's choosing, unless Plaintiff requests that such domain names be held and/or released rather than transferred.

Third party vendors having knowledge of this Order by service or actual notice hereof are hereby, once provided notice of this Final Judgment and Permanent Injunction, permanently enjoined from providing services to any Defendant in conjunction with any of the acts set forth in subparagraphs (a)-(f) above. Each third-party vendor is restricted from further providing services used in connection with Defendants' infringing and counterfeit domain names, websites and any newly–discovered infringing websites and their domain names. This shall apply to, without limitation, domain name registries and registrars; third-party business-to-business selling platforms; providers of email services; providers of social media services; providers of online content management services; search engines and/or internet advertising service providers; search engine optimization service providers; back-end service providers; affiliate program providers; web designers; search engine or ad-word providers; shippers; any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Inc. ("PayPal"), Western Union, or other merchant account providers; payment providers, third party payment processors (e.g., PayEase, IPS Ltd., or Realypay) or credit card associations (e.g., MasterCard and VISA).

The $10,000.00 preliminary injunction bond posted by Plaintiffs is hereby released back to Plaintiffs.

10

The Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Permanent Injunction.

The Clerk shall close the case and terminate all pending motions.

**IT IS SO ORDERED.**

Dated: _____March 27_____, 2020
       New York, New York

_____
THE HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE